### PERRY v. REEVE et al.

(Court of Appeals of District of Columbia. Submitted February 5, 1926. Decided April 5, 1926.)

No. 4317.

1. Party walls ⊜⟹9(1)—Erection of division wall by agreement establishes mutual easement, which follows conveyance of properties.

Erection of a division wall and fence by agreement of adjoining property owners establishes a mutual easement, or servitude and benefit, which follows a conveyance of the properties.

2. Party walls ⊜⟹8(3)—Property owner, replacing division wall removed in excavating, held not required to remove new wall because of failure to obtain consent of adjoining owner.

Owner of property on which one-half of old division wall and fence was erected, who, while excavating, without consent of adjoining owner, removed wall, instead of underpinning it, but replaced it with a more substantial and artistic wall than the old one, held not, by reason of his failure to obtain consent, required to remove the new wall so erected.

Appeal from the Supreme Court of the District of Columbia.

Suit by Fannie S. Perry against W. K. Reeve and another. Decree for defendants, and plaintiff appeals. Affirmed.

F. S. Perry, of Washington, D. C., for appellant.

Charles Linkins and G. R. Linkins, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a decree in the Supreme Court of the District, dismissing appellant's bill to compel the removal of a division wall and fence, which the appellee Rench had caused to be

erected through his contractor, the appellee Reeve.

More than 25 years ago, by agreement between appellant, as owner of premises No. 1536 Sixteenth Street. Northwest, this District, and the owner of the adjacent premises, No. 1534 Sixteenth Street, there was erected a division retaining wall some 18 or 20 inches in thickness, approximately half being located upon each of these premises. This wall was surmounted by a wooden division fence. In 1924 appellee Rench, desiring to make certain improvements on his premises, found it necessary to excavate below the foundation of the division wall. It developing that to underpin the old wall would not be feasible, and that a new wall would make "a much better looking and stronger job than the old wall with underpinning," notice was given appellant, who thereupon advised appellees that it would be necessary for them to obtain written permission for the removal of the old wall. Without waiting for such permission, appellees proceeded to tear down the old wall and erect in its place a new wall "of approximately the same thickness and being located in approximately the same place [that is, half on the land of plaintiff and half on the land of defendant Rench] as the old retaining wall," and also to surmount this wall with a new wooden fence. By the erection of this new wall and fence, appellant's property was restored to a condition as good as or better than before. [1, 2] According to the testimony of an inspector from the office of the building inspector for the District of Columbia, no permit was required for the erection of this wall. The old wall, having been erected by mutual agreement of adjoining owners, established a mutual easement or servitude and benefit, which follow a conveyance of the properties. Fowler v. Koehler, 43 App. D. C. 349, Ann. Cas. 1916E, 1161. The right and duty of the appellee Rench to underpin the old wall, when he excavated below the level of it, is not questioned. Finding it impracticable to underpin the old wall, he voluntarily incurred the expense of replacing the old wall with a new one, that more adequately met conditions, and this he surmounted with a new fence, equally appropriate. In these circumstances, how was appellant prejudiced? The new wall is in the same place as the old, and, under the evidence, apparently more substantial and artistic than the old wall would have been with underpinning.

While it might have been better for Mr. Rench to have awaited the written consent of appellant, his failure to do so forms no basis for this action. The decree therefore is affirmed, with costs.

Affirmed.